UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| BERNARD S. BAHR, and | ) Case No. 07-47227-659 |
| LISA MARIE BAHR, | ) Chapter 13 |
| | ) |
| Debtors. | ) PUBLISHED |

**O R D E R**

The matters before the Court are Debtors' Amended Objection to Secured Claim of GMAC in Claim Number 3 and Response by GMAC to Debtors' Amended Objection to Secured Claim of GMAC in Claim Number 3.  A hearing was held on this matter on March 13, 2008 at which Debtors and GMAC appeared by counsel.  Debtors submitted a written appraisal in support of their position as Exhibit A to the Amended Objection.  Leave was granted and Debtors submitted after the hearing, Exhibit B Debtors' Body Damage Estimate.  Leave was also granted and GMAC submitted after the hearing, its written appraisal in support of its position.  The pertinent facts are set forth below.

Debtors Lisa and Bernard Bahr (hereinafter "Debtors") filed for relief under Chapter 13 on October 30, 2007.  On November 16, 2007, Creditor GMAC (hereinafter "GMAC") filed Claim No. 3 in the amount of $9,082.25 secured regarding the debt for Debtors' 2003 Pontiac Grand Am SE (hereinafter "Automobile").  Debtors subsequently filed Debtors' Amended Objection to Secured Claim of GMAC in Claim Number 3 (hereinafter "Debtors' Objection") on March 11, 2008.  GMAC filed Response by GMAC to Debtors' Amended Objection to Secured Claim of GMAC in Claim Number 3 (hereinafter "GMAC's Response to Objection") on March 12, 2008.

GMAC's Proof of Claim states a total claim of $12,254.96 including $9,082.25 secured and $3,172.71 unsecured.  GMAC also submitted an appraisal that showed an NADA retail value of $7,650.00, with a $675.00 deduction for high mileage and a $375.00 addition for power sunroof,

for a value of $7,350.00.

Debtors' position is that the claim should be denied as filed and allowed as a secured claim in the amount of $3,950.00, which is based on Debtors' liquidation appraisal, which notes minor damage to both the front and rear bumpers. Debtors also submitted a Body Damage Estimate which states a $1,570.31 estimate to repair the front and rear bumpers. The Court weighs each argument and reaches a conclusion below.

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157 and 1334 and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

This issue is which method of valuation most closely approximates the true value of the Automobile. Commensurate with the holdings in *Associates Commercial Corp v. Rash*, 520 U.S. 953, 117 S.Ct. 1879, 138 L. Ed.2d 148 (1997) and *In re Trumble*, 50 F.3d 530 (8th Cir. 1995), this Court has held that the replacement value of an automobile lies in its retail value since this type of proceeding arises out of § 1325(a)(5)(B)(i)-(ii). *In re Hill*, 311 B.R. 521, 524 (Bankr. E.D. Mo. 2004). Retail value in this District is determined by L.B.R. 3015-3(J). Pursuant to L.B.R. 3015-3(J), the value of vehicles shall be construed based on the evidence presented in conjunction with the Court's Vehicle Valuation Policy (hereinafter "Policy"). The Policy requires that the value of a vehicle be equal to 95% of the National Automobile Dealers Association (hereinafter "NADA") (Central Edition) (hereinafter "NADA Guide") retail value for the first three years of age, and 2% deduction for each year thereafter up to a maximum deduction of 15% if neither party presents any conflicting evidence to challenge such value.

In this case, Debtors employed a company that typically uses liquidation value as the basis for its valuation and not retail value as required by the Policy. This practice may be appropriate in Chapter 7 cases; however, this is a Chapter 13 case where retail value, as opposed

2

to liquidation value, must be the basis for valuation.  Debtors' valuation therefore fails to comply with the NADA Guide as provided by the Policy, so Debtors failed to properly follow the Policy as set out in the local rules of this District.   Therefore, the Court must reject Debtors' valuation of the Automobile since Debtors use a liquidation value of the Automobile.

However, the Court finds GMAC's appraisal of $7,350.00, which is derived from the NADA, persuasive but not conclusive and will therefore apply the Policy.  GMAC's appraisal gave an appropriate deduction for the Automobile's high mileage and increase for the sunroof, both which were noted on Debtors' appraisal.  The Policy thereafter required the vehicle value to be equal to 91% of the retail value given in the NADA Guide due to the age of the Automobile.  It is five years old so there is an initial reduction to 95% for the first three years, plus an additional 4% reduction that is a result of 2% per year for 2 years.  The Automobile has a retail value of $7,350.00 after making the appropriate adjustments.   The Automobile value is therefore adjusted down from $7,350.00 to $6,688.50 which reflects 91% of the NADA Guide's retail value pursuant to the Policy.

There is one remaining issue:  Debtors' Body Damage Estimate.  Debtors submitted a Body Damage Estimate of $1,570.31 to make repairs to the front and rear bumpers of the Automobile.  Debtors' appraisal states that the bumpers are in fair condition noting minor damage to both and that bumper damage will have little impact on liquidation value.  GMAC's appraisal does not reference any such damage.  There is evidence of some damage to the front and rear bumpers, however, the Court will only reduce the car value by one-half of the estimated cost of repair.  Therefore, the Automobile value will be reduced by $785.15, which is one-half of Debtors' Body Damage Estimate of $1,570.31.   The difference of $6,688.50 and $785.15 equals $5,903.35.  Therefore,

**IT IS ORDERED THAT** Debtors' Amended Objection to Secured Claim of GMAC in Claim Number 3 is SUSTAINED IN PART, in that GMAC's Claim is allowed as a secured claim in the amount of $5,903.35 and an unsecured claim in the amount of $6,351.61.


_Kathy A. Surratt-States_

KATHY A. SURRATT-STATES
United States Bankruptcy Judge


DATED:  September 22, 2008
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Steven Charles Bublitz
Bublitz & Baro LLC
Attorneys at Law
1113 Howdershell Rd
Florissant, MO 63031

Marilyn J. Washburn
Riezman Berger, P.C.
7700 Bonhomme, Fl. 7
St. Louis, MO 63105

Bernard and Lisa Bahr
123 Savannah Garden
O'Fallon, MO 63366

GMAC
c/o Riezman Berger, P.C.
7700 Bonhomme 7th Fl
St Louis, MO 63105